UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ICON EV LLC,

Plaintiff,

v.                                                           Case No. 8:24-cv-0609-KKM-AEP

STEVE CORPLE, individually and doing
business as Corple Corral Golf Carts,

Defendant.
_____/

**REPORT AND RECOMMENDATION**

This cause comes before the Court upon Plaintiff ICON EV LLC's Second Amended Motion for Default Judgment (Doc. 17). Pursuant to Federal Rule of Civil Procedure 55, Plaintiff seeks entry of a default judgment against Defendant Steve Corple based upon his failure to respond to the Complaint (Doc. 1). For the reasons set forth below, it is recommended that Plaintiff's Motion (Doc. 17) be GRANTED.

**I.   Background**

On March 8, 2024, Plaintiff filed its Complaint alleging the following three counts against Defendant: (1) Goods Sold; (2) Open Account; and (3) Account Stated (Doc. 1, at 2–3). Plaintiff alleges that before the institution of this action, Plaintiff and Defendant engaged in business transactions related to the sale of goods, and on June 30, 2023, they agreed to the resulting balances in Exhibit A of the Complaint (Doc. 1, ¶¶ 13–14; Doc. 1-1). Plaintiff alleges that Defendant owes $126,104.00 that is due with

interest since June 30, 2023, for the goods sold and delivered by Plaintiff to Defendant on or about that date (Doc. 1, ¶ 9). Accordingly, Plaintiff seeks judgment against Defendant for damages, interest, costs, and attorneys' fees if applicable (Doc. 1, at 2–3). After Defendant failed to answer or otherwise respond, Plaintiff moved for the Clerk's Entry of Default (Doc. 7). The Clerk subsequently entered default against Defendant on May 24, 2024 (Docs. 10–11). On July 7, 2024, Plaintiff filed its Amended Motion for Default Judgment, seeking entry of final default judgment under Rule 55(b)(1) of the Federal Rules of Civil Procedure (Doc. 13). The Court subsequently denied the motion without prejudice, finding the motion insufficient to demonstrate that a default judgment was appropriate (Docs. 14, 16). Plaintiff's Second Amended Motion for Default Judgment has been referred to the undersigned for consideration.

## II. Legal Standard

"When a defendant has failed to plead or defend, a district court may enter judgment by default." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) (citing Fed. R. Civ. P. 55(b)(2)). Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations in the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are

not well-pleaded or to admit conclusions of law.").[1] Because the defendant is deemed to admit the plaintiff's well-pleaded allegations of fact following entry of a default under Rule 55(a), the court must ensure that the well-pleaded allegations in the complaint actually state a substantive cause of action and that a substantive, sufficient basis exists in the pleadings for the particular relief sought. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (citation omitted).[2] If the allegations in the complaint, accepted as true, establish the defaulted defendant's liability, then the court should enter judgment against them. *See generally Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1288–89 (S.D. Fla. 2016).

Courts assess pleadings in conjunction with a default judgment by a standard "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain*, 789 F.3d at 1245 (citation omitted). That is, a court may enter a default judgment only where a pleading contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). At all times, the decision to enter a

---

[1] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).
[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

3

default judgment remains within the court's discretion. *Hamm v. Dekalb County*, 774 F.2d 1567, 1576 (11th Cir. 1985).

If the plaintiff is entitled to default judgment, then the court must consider whether the plaintiff is also entitled to the relief requested. Notably, allegations regarding the amount of damages are not admitted by virtue of default. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008) (citation omitted). Rather, the plaintiff bears the burden to demonstrate the amount of damages it contends the court should award, and the court determines the amount and character of damages to be awarded. *Id.* Though the court may hold an evidentiary hearing to determine an appropriate amount of damages, it is not required to do so, especially where the essential evidence is of record. *See Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911–12 (11th Cir. 2011) (noting that, when considering when to enter or effectuate a default judgment, the court maintains discretion regarding whether to conduct an evidentiary hearing to determine the amount of damages); *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone. . . . We have held that no such hearing is required where all essential evidence is already of record."); *Wallace*, 247 F.R.D. at 681 ("If a default judgment is warranted, the Court may hold a hearing for purposes of assessing damages. . . . However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages."); *see also* Fed. R. Civ. P. 55(b)(2). Notwithstanding, a court must assure that a legitimate basis exists for any damage award it enters. *See Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

## III. Discussion

### A. Subject Matter Jurisdiction and Personal Jurisdiction

As a preliminary matter, this Court retains subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs (Doc. 1, ¶¶ 1–2). This Court must also ensure it has personal jurisdiction over the defaulting defendant. *Proescher v. Sec. Collection Agency*, No. 3:17-CV-1052-J-32PDB, 2018 WL 3432737, at *6 (M.D. Fla. June 8, 2018), *report and recommendation adopted*, No. 3:17-CV-1052-J-32PDB, 2018 WL 3428157 (M.D. Fla. July 16, 2018). For a federal court to have personal jurisdiction over a nonresident defendant, the forum state's long-arm statute must reach the defendant, and the defendant must have sufficient contacts with the forum state such that exercising jurisdiction would not offend due process. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). The Florida long-arm statute reaches persons breaching a contract "by failing to perform acts required by the contract to be performed in this state." Fla. Stat. § 48.193(1)(a). Here, Plaintiff's Complaint and Second Amended Motion for Default Judgment reveal well-pled factual allegations showing that Defendant accepted and promised to pay for golf carts and golf cart parts and that Defendant's failure to pay for these goods occurred within the Middle District of Florida (Doc. 1, ¶ 5; Doc. 17, ¶ 2). Thus, the Court finds that the exercise of personal jurisdiction would be appropriate in this matter.

### B. Proper Service of Process

Furthermore, in seeking a default judgment, Plaintiff bears the burden of establishing proper service of the complaint. *See Rajotte v. Fabco Metal Prod., LLC*, No. 6:12-cv-372-ORL-28, 2012 WL 6765731, at *2 (M.D. Fla. Dec. 13, 2012), *report and recommendation adopted,* No. 6:12-cv-372-ORL-28, 2013 WL 57722 (M.D. Fla. Jan. 4, 2013) (denying motion for default judgment without prejudice due to improper service). Even if a defaulting defendant has actual notice of the action, "[i]nsufficient or improper service cannot support the entry of a default judgment." *Opella v. Rullan*, No. 10-civ-21134, 2011 WL 2600707, at *4 (S.D. Fla. June 29, 2011), *report and recommendation adopted*, No. 10-civ-21134, 2011 WL 13220496 (S.D. Fla. Aug. 9, 2011) (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)); *see Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of such service (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."). Under Federal Rule of Civil Procedure 4(e)(2)(A), service on an individual within a judicial district of the United States may be completed by "delivering a copy of the summons and of the complaint to the individual personally." Here, Plaintiff served process on Defendant personally and filed a proof of service attesting that service was completed properly (Doc. 9). Thus, service of process on Defendant was proper.

### C. Liability and Damages

As a result of Defendant's default in this action, Plaintiff's well-pled allegations in its Complaint are deemed to be admitted. Accordingly, Plaintiff now moves for entry of default judgement on its claims of Goods Sold, Open Account, or, in the alternative, Account Stated, each to be addressed in turn.

#### i. Count I – Goods Sold

Plaintiff successfully states a claim for Goods Sold. To establish a cause of action for goods sold and delivered on an open account under Florida law, Plaintiff must demonstrate a sales contract between the parties, that the amount sought in damages reflects the agreed sales price or reasonable value of the goods, and that the goods were actually delivered. *Alderman Interior Sys., Inc. v. First Nat'l-Heller Factors, Inc.*, 376 So. 2d 22, 24 (Fla. 2d DCA 1979); *see ICool, USA, Inc. v. MBRB Sales, LLC*, No. 18-cv-62387, 2019 WL 6608796, at *3 (S.D. Fla. Dec. 5, 2019). Here, Plaintiff alleges (1) a sales contract existed between the parties, (2) Plaintiff shipped goods to Defendant on June 20 and June 27, 2023, (3) Defendant accepted those goods, and (4) the price of the goods, which equals $126,104.00, represents both their reasonable value and the agreed upon price (Doc. 17, at 2, 10; Doc. 1-1). Therefore, it is recommended that default judgment be entered against for Defendant for Goods Sold under Count I of the Complaint with damages totaling $126,104.00, plus pre-judgment interest, as discussed below.

### ii. Count II – Open Account

Although the Court recommends default judgment under Count I, alternatively, Plaintiff also states a claim for Open Account. An open account is an "unsettled debt arising from items of work and labor, goods sold and delivered with the expectation of further transactions subject to further settlement." *Idearc Media Corp. v. Premier Limousine, LLC*, No. 8:08-CV-1695-T-30MAP, 2009 WL 482293, at *2 (M.D. Fla. Feb. 25, 2009) (quoting *Robert W. Gottfried, Inc. v. Cole*, 454 So.2d 695, 696 (Fla. 4th DCA 1984)). To establish a cause of action for an open account, Plaintiff must prove: "(1) that a sales contract existed between the creditor and debtor; (2) that the amount claimed by the creditor represents either the agreed on sales price or the reasonable value of the goods delivered; and (3) that the goods were actually delivered." *Id.* Additionally, the claimant must attach an "itemized" copy of the account. *Id.* Here, Plaintiff alleges Defendant maintained an open account wherein Plaintiff provided golf carts and golf cart parts in return for Defendant's payment on various dates (Doc. 17, at 3). Additionally, Plaintiff attached the itemized invoices reflecting this agreement to the Complaint (Doc. 1-1). Thus, Plaintiff states a claim for Open Account.

### iii. Count III – Account Stated

Although the Court recommends default judgment under Count I, alternatively, Plaintiff also states a claim for Account Stated. An account stated is "an agreement between persons who have had previous transactions, fixing the amount due in respect

8

of such transactions and promising payment." *Id.* at *3 (quoting *Nants v. Federal Deposit Ins. Co.*, 864 F. Supp. 1211, 1219 (S.D. Fla. 1994)). An account stated generally arises from the rendition of a statement of transaction between the parties with a failure on the part of the party whom the account was rendered to object within a reasonable time or an express acquiescence in the account rendered. *Id.* A plaintiff may prove a prima facie case for account stated by proffering evidence that the account was rendered under circumstances which raise a presumption of assent. *Id.* Here, Plaintiff alleges Defendant was rendered statements of the amounts due on June 30, 2023 and did not object to these statements (Doc. 17, at 4). Thus, Plaintiff states a claim for Account Stated.

    **iv.**  **Prejudgment Interest**

As part of its damages calculation, Plaintiff also seeks prejudgment interest. The Eleventh Circuit has held that "[s]tate law determines whether a successful litigant is entitled to prejudgment interest." *Seb S.A. v. Sunbeam Corp.*, 148 F. App'x. 774, 793 (11th Cir. 2005). In Florida, Plaintiffs are entitled to prejudgment interest as a matter of law. *SEB S.A. v. Sunbeam Corp.*, 476 F.3d 1317, 1320 (11th Cir. 2007) (citing *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 215 (Fla. 1985)). The rate of prejudgment interest is set quarterly by Florida's Chief Financial Officer. Fla. Stat. § 55.03. Plaintiffs' Motion and Lana Batten's affidavit provide a detailed calculation of Plaintiff's entitlement to prejudgment interest based on the rate set by Florida's Chief Financial Officer (Doc. 17, at 9). The Court recommends prejudgment interest calculated according to the table below:

| Start Date | End Date | Days | Interest Rate | Rate as Decimal | Daily Interest | Principal | Accrued Interest |
|---|---|---|---|---|---|---|---|
| 6/30/2023 | 6/30/2023 | 1 | 6.58% | 0.00018 | $22.73 | $126,104.00 | $22.73 |
| 7/1/2023 | 9/30/2023 | 92 | 7.69% | 0.00021 | $26.57 | $126,104.00 | $2,444.28 |
| 10/1/2023 | 12/31/2023 | 92 | 8.54% | 0.00023 | $29.50 | $126,104.00 | $2,714.45 |
| 1/1/2024 | 3/31/2024 | 91 | 9.09% | 0.00025 | $31.32 | $126,104.00 | $2,850.05 |
| 4/1/2024 | 6/30/2024 | 91 | 9.34% | 0.00026 | $32.18 | $126,104.00 | $2,928.42 |
| 7/1/2024 | 9/30/2024 | 92 | 9.46% | 0.00026 | $32.59 | $126,104.00 | $2,998.66 |
| 10/1/2024 | 12/13/2024 | 74 | 9.50% | 0.00026 | $32.79 | $126,104.00 | $2,426.46 |
| | | | | | | **Total:** | $16,385.05 |

Accordingly, the undersigned recommends that Plaintiffs are entitled to prejudgment interest in the amount of $16,385.05.

### IV. Conclusion

For the foregoing reasons, it is hereby

RECOMMENDED:

1. Plaintiff's Second Amended Motion for Default Judgment (Doc. 17) be GRANTED.

2. A default judgment as to Count I be entered against Defendant in the amount of $126,104.00, plus prejudgment interest of $16,385.05.

3. Default Judgment as to Counts II and III be denied without prejudice as moot.

10

IT IS SO REPORTED in Tampa, Florida, on this 13th day of December 2024.

*[Signature]*

ANTHONY E. PORCELLI
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**


cc:   Hon. Kathryn Kimball Mizelle
      Counsel of Record